## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 22 2017, 10:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Trevor J. Laughman, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 22, 2017 <br><br> Court of Appeals Case No. 20A04-1608-CR-2003 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable George Biddlecome, Senior Judge <br><br> Trial Court Cause No. 20D01-1505-F6-481 |

**Barnes, Judge.**

# Case Summary

[1] Trevor Laughman appeals the two-and-one-half year sentence imposed for possession of cocaine, a Level 6 felony. We affirm.

# Issue

[2] Laughman raises one issue, which we restate as whether his sentence is inappropriate.

# Facts

[3] On March 23, 2015, Elkhart Police Officer Dan Mayer was on patrol. Officer Mayer saw a bicyclist, who was later identified as Laughman, traveling south in the northbound lanes of the street. Lauhman was "coming head on with traffic," and there was no bicycle lane available. Tr. p. 83. Officer Mayer initiated a traffic stop and learned Laughman had valid warrant from the Elkhart County Sheriff's Department. Officer Mayer arrested Laughman, searched him, and discovered a small bag that contained a substance later identified as crack cocaine.

[4] The State charged Laughman with possession of cocaine, a Level 6 felony. In June 2016, a jury found Laughman guilty of the charge, and on August 5, 2016, the trial court sentenced Laughman to two-and-one-half years in the Department of Correction. Laughman now appeals his sentence.

# Analysis

[5] Laughman argues that his maximum, executed sentence is inappropriate and should be revised. Indiana Appellate Rule 7(B) allows us to revise an appellant's sentence authorized by statute if, after due consideration of the trial court's decision, we find that sentence is inappropriate in light of the nature of the offense and character of the offender. We must give the trial court's decision due consideration because we "understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). "The principal role of appellate review should be to attempt to leaven the outliers . . . but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). An appellant bears the burden of persuading us her sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006)).

[6] Regarding the nature of the offense, we acknowledge Laughman's argument that the circumstances surrounding his possession of cocaine were benign compared to cases in which appellants have possessed the drug and simultaneously been involved in violent crimes. However, Laughman's character—namely his lengthy criminal history—more than justifies his sentence.

[7] Laughman's criminal history is comprised of nineteen misdemeanor convictions and two felony convictions. Laughman's prior convictions include driving offenses, alcohol-related offenses, drug convictions, robbery, and theft. Laughman has a history of both alcohol and drug addictions and "has been

given at least three opportunities to address those addictions" in the Department of Correction and in local programs. All of those efforts have failed, and Laughman has "refused to successfully address his addictions." Tr. p. 155. In light of Laughman's character, Laughman's sentence is not inappropriate.

## Conclusion

[8] Laughman's sentence is not inappropriate in light of the nature of the offense and his character. We affirm.

[9] Affirmed.

Kirsch, J., and Robb, J., concur.